1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

SALAH M. ALENAZI,

CASE NO. 09CV2053 DMS (POR)

12

Plaintiff,

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

13

vs.

USCIS and PAUL M. PIERRE, District
Director, U.S. Citizenship and Immigration
Services,

14

15

16

Defendants.

17

        Pending before the Court are Defendants' motion for summary judgment ("MSJ") and motion

18

to stay discovery and vacate the scheduling order.  For the following reasons, Defendants' MSJ is

19

granted and Defendants' motion to stay and vacate the scheduling order is denied as moot.

20

**I.**

21

**BACKGROUND**

22

        Plaintiff, a native of Jordan and a citizen of Saudi Arabia, came to the United States in 1997

23

on a student visa.  (MSJ Exs. C, D; Doc. 1 ¶ 2.)  On September 25, 1999, Plaintiff married Rebecca

24

Sweezey, a United States citizen.  (MSJ Ex. E.)  Slightly less than one month later, on October 22,

25

1999, Plaintiff applied for adjustment of his status to that of lawful permanent resident based upon his

26

marriage to a United States citizen.  (*Id.* at Ex. D.)  On January 21, 2001, police arrested Plaintiff

27

following a domestic violence incident involving him and Ms. Sweezey, although no formal charges

28

resulted from the arrest.  (*Id.* at Exs. C, F.)  On June 4, 2001, the former Immigration and

1  Naturalization Service ("INS") granted Plaintiff's application for adjustment of status, rendering him

2  a lawful permanent resident. (*Id.* at Ex. D.) On June 8, 2003, Plaintiff was again arrested following

3  a domestic violence incident between him and Ms. Sweezey. (*Id.* at Exs. C, F, H.) Charges were

4  brought and Plaintiff pled guilty to a misdemeanor count of battery under California Penal Code §§

5  242, 243(a). (*Id.* at Ex. H.) Plaintiff was sentenced to three years' probation and was ordered to

6  complete a 52-week domestic violence recovery program. (*Id.* at Exs. F, H.)

7        On March 17, 2004, Plaintiff filed an application for naturalization pursuant to 8 U.S.C. §

8  1430(a) based upon his marriage to Ms. Sweezey. (*Id.* at Ex. C; Doc. 1 ¶ 8.) In 2006, Plaintiff and

9  Ms. Sweezey divorced. (MSJ Ex. F.) On February 8, 2008, having not yet received a decision on his

10  application for naturalization, Plaintiff filed a complaint in this Court against the United States

11  Citizenship and Immigration Services ("USCIS") and various individuals seeking a *de novo* review

12  of his application for naturalization by the Court. (Doc. 1 ¶ 13.) On June 11, 2008, upon a joint

13  motion to remand, an Order was issued remanding the case for adjudication by USCIS within sixty

14  days. (*Id.*) On August 7, 2008, USCIS issued its initial decision denying Plaintiff's application for

15  naturalization. (MSJ Ex. I.) Plaintiff timely filed an administrative appeal from the decision. (*Id.*)

16  A USCIS officer interviewed Plaintiff on June 2, 2009. (*Id.* at Exs. F, I; Doc. 1 ¶ 15.) On or about

17  August 21, 2009, USCIS upheld its decision denying Plaintiff's application for naturalization. (MSJ

18  Ex. I; Doc. 1 ¶ 16.) Plaintiff filed the instant action on September 21, 2009. (Doc. 1.) Defendants

19  filed a motion for summary judgment on August 12, 2010. (Doc. 18.) Plaintiff filed an opposition to

20  Defendants' motion for summary judgment and Defendants filed a reply. (Docs. 22, 24.)

21                                             **II.**

22                                     **LEGAL STANDARD**

23        This Court is authorized to conduct a *de novo* review of Plaintiff's application for

24  naturalization pursuant to 8 U.S.C. § 1421(c). In its review, the Court "has the final word and does

25  not defer to any of [USCIS's] findings or conclusions." *United States v. Hovsepian*, 359 F.3d 1144,

26  1162 (9th Cir. 2004) (*en banc*) (emphasis omitted). However, if the Court concludes that there are no

27  "disputed issues of material fact," it need not engage in its own fact-finding and may grant a motion

28  for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Chan v. Gantner*, 464 F.3d

1   289, 296 (2nd Cir. 2006); *see also Garcia-Garcia v. Holder*, No. 08cv1129 LAB (AJB), 2010 WL

2   1292155, at *2 (S.D. Cal. Mar. 30, 2010); *Abghari v. Gonzalez*, 596 F. Supp. 2d 1336, 1343 (C.D. Cal.

3   2009) ("The Court need not proceed with an evidentiary hearing or otherwise conduct new fact finding

4   where the Court believes that the legal question it has identified . . . is a threshold matter.").

5           Summary judgment is appropriate when "there is no genuine issue as to any material fact and

6   . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  A fact is material

7   when, under the governing substantive law, it could affect the outcome of the case. *Anderson v.*

8   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is genuine if "the

9   evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  "When

10  a motion for summary judgment is properly made and supported, an opposing party may not rely

11  merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as

12  otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the

13  opposing party does not so respond, summary judgment should, if appropriate, be entered against that

14  party." Fed. R. Civ. P. 56(e)(2).

## III.

## DISCUSSION

17          Defendants contend that Plaintiff is not eligible for naturalization as a matter of law because

18  1) he does not meet the statutory residency requirement and 2) he cannot demonstrate good moral

19  character.  Because the Court finds that summary judgment is appropriate based upon Plaintiff's

20  statutory ineligibility for naturalization under the residency requirement, it does not address

21  Defendants' argument concerning good moral character.

22          Under the Immigration and Nationality Act ("INA"), an individual must meet several

23  requirements prior to being eligible for naturalization. One such requirement is continuous residency

24  in the United States after being lawfully admitted for permanent residence for a period of at least five

25  years immediately preceding filing of an application for naturalization.  8 U.S.C. § 1427(a).  An

26  exception to this requirement provides that "[a]ny person whose spouse is a citizen of the United

27  States" may be naturalized upon compliance with the requirements for naturalization if such person

28  has  continuously resided in the United States after being lawfully admitted for permanent residence

1  for a period of at least three years immediately preceding filing of an application for naturalization.

2  8 U.S.C. § 1430(a).  Individuals subject to either the three-year or five-year residency requirements

3  are eligible to file their applications for naturalization three months early. 8 U.S.C. § 1445(a); 8 C.F.R.

4  § 334.2(b).

5  　　　　Plaintiff became a lawful permanent resident on June 4, 2001.  Based upon his marriage to a

6  United States citizen, Plaintiff filed his application for naturalization on March 17, 2004, a couple of

7  months prior to having been a lawful permanent resident for a period of three years.  However,

8  although Plaintiff was the spouse of a United States citizen at the time of filing his application for

9  naturalization, the INA requires an applicant who chooses to apply pursuant to the three-year residency

10  requirement under Section 1430(a) to remain to be married to the United States citizen at the time of

11  actual naturalization, and not just at the time of filing the application.  8. U.S.C. § 1430(a) ("Any

12  person whose spouse is a citizen of the United States . . . may be naturalized upon compliance with

13  all the requirements of this title"); 8 C.F.R. § 319.1(b)(2)(I); *In re Lee*, 480 F.2d 673, 675 (2d Cir.

14  1973); *see also Ali v. Smith*, 39 F. Supp. 2d 1254, 1256 (W.D. Wash. 1999) ("It is undisputed that [§

15  1430(a)] requires marriage at the time the naturalization is granted.").

16  　　　　Defendants submitted exhibits in support of their MSJ, including a copy of a sworn statement

17  recording the June 2, 2009 interview of Plaintiff by a USCIS officer in connection with his

18  administrative appeal from the denial of his naturalization application. (MSJ Ex. F.)  Plaintiff's sworn

19  statement indicates that he divorced Ms. Sweezey in 2006. (*Id.*)  Defendants rely upon this in support

20  of their argument that Plaintiff is statutorily ineligible for naturalization because he was not a "person

21  whose spouse is a citizen of the United States" at the time his naturalization determination was made.

22  In his Opposition, Plaintiff states he "meets the residency requirement as he applied based on the fact

23  that he has been a Permanent resident of [t]he United States for at least 3 years, and has been married

24  to and living with the same U.S. citizen for the last 3 years, and his spouse has been a U.S. citizen for

25  the last 3 years." (Opp. at 2.)[1]  Plaintiff, however, fails to provide any specific facts regarding his

26  

27  　　　　[1]　　　Even if Plaintiff has remarried since his divorce from Ms. Sweezey in 2006, which he
does not claim to have done in his Opposition, it would not affect his current application for

28  naturalization. *See* 8 C.F.R. § 319.1(b)(2)(i) ("A person is ineligible for naturalization as the spouse
of a United States citizen under section 319(a) of the Act if, before or after the filing of the application,
the marital union ceases to exist due to death or divorce . . . .  Eligibility is not restored to an applicant

- 4 -                                           09cv2053

1   marriage history or to dispute the fact that his marriage to Ms. Sweezey ended in divorce in 2006.

2   Accordingly, Plaintiff has not "set out specific facts showing a genuine issue for trial" as to his

3   eligibility for naturalization pursuant to the statutory residency requirement.  Fed. R. Civ. P. 56(e)(2).

4          Because Plaintiff divorced his United States citizen wife in 2006, and because his

5   naturalization application was based upon his marriage to her, he is not eligible for naturalization

6   under the three-year residency requirement of 8 U.S.C. § 1430(a) and must instead satisfy the five-year

7   residency requirement of 8 U.S.C. § 1427(a).  As Plaintiff filed his application for naturalization less

8   than three years after becoming a lawful permanent resident, he cannot meet the five-year continuous

9   residency requirement on his present application and is therefore statutorily ineligible for

10   naturalization.[2]  Therefore, there is no genuine issue as to any material fact and Defendants are entitled

11   to judgment as a matter of law.

12                                              **IV.**

13                                         **CONCLUSION**

14          For the reasons stated above, Defendants' motion for summary judgment is granted.  In light

15   of the Court's holding, Defendants' pending motion to stay discovery and vacate the scheduling order

16   is denied as moot.

17          **IT IS SO ORDERED.**

18   DATED:  October 12, 2010

19                                      _____

20                                      HON. DANA M. SABRAW
                                        United States District Judge
21

22

23

24   _____

25   whose relationship to the citizen spouse terminates before the applicant's admission to citizenship,
     even though the applicant subsequently marries another United States citizen.").

26       [2]       Plaintiff may choose to reapply for naturalization based upon having continuously
     resided in the United States for a period of at least five years after being lawfully admitted for
27   permanent residence. *Lang v. Chertoff*, No. C08-0610-RSL, 2008 WL 4542410, at *2 (W.D. Wash.
     Oct. 9, 2008); 8 U.S.C. § 1427(a).  Should Plaintiff choose to do so, USCIS would have the sole power
28   to adjudicate the application in the first instance and to review any denial of the application upon a
     request for an administrative appeal. *See* 8 U.S.C. § 1447(a); 8 C.F.R. § 336.9(d).